UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

IN THE MATTER OF THE CLAIM OF                )
THE ESTATE OF WILLIE JACKSON BY              )
HIS ADMINISTRATRIX, SHANTA                   )
JACKSON,                                     )
                                             )
                    Claimants,               )
                                             )
                                             )            Docket #: 12-1455
        -against-                            )
                                             )
COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE     )
DEPARTMENT, POLICE COMMISSIONER RICHARD      )
DORMER, in his individual and official capacity, POLICE OFFICER )
RONALD BRUER, in his individual and official capacity, Police )
Officer EUGENE CIPRIANO, in his individual and official capacity, )
JOHN MOORE, in his individual and official capacity,         )
KYLE SIMCOX, in his individual and official capacity,        )
JAMES O'HAGAN, in his individual and official capacity,      )
CHRISTOPHER DONOVAN, in his individual and official capacity, )
COUNTY OF SUFFOLK OFFICE OF DISTRICT ATTORNEY, )
SUFFOLK COUNTY DISTRICT ATTORNEY             )
THOMAS SPOTA, in his individual and official capacity, ASSISTANT )
DISTRICT ATTORNEY, ROBERT BIANCA VILLA, in his individual and )
Official capacity,)                          )
                    Respondents.             )
————————————————————X

### PLAINTIFF SHANTA JACKSON, AS THE ADMINISTRATRIX OF THE ESTATE OF WILLIE JACKSON, MOTION FOR APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF MOTION FOR SANCTIONS BASED ON DEFENDANTS' SPOLIATION OF EVIDENCE

Plaintiff respectfully make an application to the Court to appeal the Memorandum and

Order of Magistrate A. Kathleen Tomlinson dated March 31, 2014 and request de novo review

based on matters that are contrary to law and erroneous.

Dated: Patchogue, New York
April 17, 2014

Respectfully submitted,

_____/s/_____

Tarsha C. Smith, Esq.
Law Offices of Tarsha C. Smith
P.O. Box 779
Patchogue, New York  11772
Tel.:  (631) 447-8151

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................... ...........................................................iii

PRELIMINARY STATEMENT .......................................................................................1

SUMMARY OF OBJECTIONS.......................................................................................1

STATEMENT OF FACTS ..............................................................................................2

STANDARD OF REVIEW...............................................................................................3

ARGUMENT................................................................................................... ....4

I.      Magistrate Judge failed to find spoliation of evidence where generic and fungible evidence was taken out of chain of custody and given to accused defendant officer  two months after commencement of litigation in contravention of the law...................................................................4

II.     Magistrate Judge erroneously imposed the extrinsic standard of proof for relevance and prejudicial impact where Defendants clear failure to preserve generic and fungible evidence, in effort to abuse the judicial process, was willful and in bad faith in contravention of the law and public policy........5

III.    Magistrate Judge failed to find spoliation as a matter of law, relevance as a matter of law, and prejudice as a matter of law due to where defendants acted with a total indifference and gross negligence to the discovery process by not imposing a litigation hold and monitoring a key player..........................7

IV.    Magistrate Judge erroneously placed an insurmountable and impossible burden on Plaintiff to determine the authenticity and identification of evidence held by the accused Defendants Officers where the evidence was taken out of the chain of custody two months after commencement of this action....9

V.     Magistrate Judge erroneously disregarded Plaintiff's witness, Laura

Jackson's, statement which called the instrumentality used as a "stick" instead of baton or flashlight despite the fact that the Detective identified and entered into evidence batons and flashlights of the accused defendants officers based on cultural interpretation of stick................................10

VI.    Negligence alone satisfies the "culpable state of mind" requirement.......13

VII.   The batons and flashlights are relevant to willie jackson's cause of death..15


CONCLUSION .............................................................................................................19

ii

## TABLE OF AUTHORITIES

<u>Page</u>

### FEDERAL CASES

<u>Akiona v. United States</u>, 938 F.2d 158, 161 (9th Cir. 1991)..................................................18

<u>Byrnie v. Town of Cromwell, Bd. of Educ.,</u>

  243 F.3d 93 (2d Cir. 2001)............................................................................................ 12

<u>Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, et al.</u>

212 F.R.D. 94 (E.D.N.Y. 2002)......................................................................................13

<u>Donato v. Fitzgibbons,</u>

  172 F.R.D. 75 (S.D.N.Y. 1997) .....................................................................................17

In re WRT Energy Sec. Litig. 246 F.R.D. 185 (S.D.N.Y. 2007), .....................................13

<u>Kronisch v. United States,</u>

  150 F.3d 122 (2d Cir. 1998)......................................................................... 15

<u>Manganiello v. City of New York,</u>

612 F.3d 149 (2d Cir. 2010)........................................................................... 15

<u>Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec,</u>

685 F. Supp. 2d 456 (S.D.N.Y. 2010)............................................................ 8

<u>Residential Funding Corp. v. DeGeorge Fin. Corp.,</u>

306 F.3d 99 (2d Cir. 2002)........................................................................ 12,15

<u>Skorupski and Angela Skorupski v. County of Suffolk</u>

274 F.R.D. 442 (E.D.N.Y. 2011) ..........................................................................

<u>Treppel v. Biovail Corp.</u>, 249 F.R.D. 111, (S.D.N.Y. 2008)................................................13



Zubulake v. UBS Warburg LLC,

  229 F.R.D. 422 (S.D.N.Y. 2004) ........................................................................

## FEDERAL STATUTES

28 U.S.C. SECTION 636(b)(1)(A).....................................................................................3

## RULES

Federal Rules of Civil Procedure 37.................................................................................

Federal Rules of Civil Procedure 72(a)..........................................................................1

Federal Rules of Civil Procedure 72(b)..........................................................................1

Federal Rules of Evidence 401.................................................................................12, 15

Federal Rules of Evidence 901.........................................................................................8

## MISCELLANEOUS

Black's Law Dictionary 6th Ed. (1990)..........................................................................5

## PRELIMINARY STATEMENT

Pending before the court is plaintiff's motion for dispositive sanctions due to spoliation of key evidence. [Docket 54].   The matter was referred to Magistrate Judge A. Kathleen Tomlinson.  Magistrate Judge Tomlinson treated plaintiff's motion as dispositive under Federal Rule of Civil Procedure 72(b) and issued a Memorandum and Order denying  the plaintiff's motion [Docket 65].  The plaintiff objects to the Order dated March 31, 2014 issue by the Magistrate Judge because it is erroneous and contrary to the law.  Plaintiff asks the district court for a de novo review of Plaintiff's spoliation motion.

## SUMMARY OF OBJECTIONS TO THE MAGISTRATE JUDGE'S
## MEMORANDUM AND ORDER

I.     Magistrate Judge failed to find spoliation of evidence where generic and fungible evidence was taken out of chain of custody and given to accused defendant officer  two months after commencement of litigation in contravention of the law.

II.    Magistrate Judge erroneously imposed the extrinsic standard of proof for relevance and prejudicial impact where Defendants clear failure to preserve generic and fungible evidence, in effort to abuse the judicial process, was willful and in bad faith in contravention of the law and public policy.

III.   Magistrate Judge failed to find spoliation as a matter of law, relevance as a matter of law, and prejudice as a matter of law due to where defendants

acted with a total indifference and gross negligence to the discovery process by not imposing a litigation hold and monitoring a key player.

IV.  Magistrate Judge erroneously placed an insurmountable and impossible burden on Plaintiff to determine the authenticity and identification of evidence held by the accused Defendants Officers where the evidence was taken out of the chain of custody two months after commencement of this action.

V.  Magistrate Judge erroneously disregarded Plaintiff's witness, Laura Jackson's, statement which called the instrumentality used as a "stick" instead of baton or flashlight despite the fact that the Detective identified and entered into evidence batons and flashlights of the accused defendants officers based on cultural interpretation of stick.

## STATEMENT OF FACTS

A. Background

On April 1 into the  early hours of April 2, plaintiff died under questionable circumstances in police custody. The autopsy report states that the cause of death of WILLIE JACKSON was "ACUTE CONCUSSIVE HEAD INJURY DUE TO BLUNT IMPACT." April 2 a statement was taken of Laura Jackson, wife of the decedent, who was present on the scene, by Detective Bottari of the Suffolk County Police Department, stated that one of the officers hit Willie Jackson.  Laura Jackson allegedly told Detective

2

Bottari that the big officer hit Willie Jackson in the head with a stick.  Detective Bottari

confiscated the batons and flashlights of Officers Breuer and Cipriano April 2, 2011.

Detective Bottari duly entered the batons and flashlights into the Property Section of the

Suffolk County Police Department as evidence taken from a crime scene as per Suffolk

County Police Procedure dictates.  On or about April 11, 2011 a notice of claim citing

claims of excessive force and municipal liability for civil rights violations under 42 U.S.C.

1983 among other claims.  County Attorney Richard Dunne conducted a 50h hearing

on December 14, 2011.  On January 4, 2012, Plaintiff faxed a letter addressed to Police

Commissioner Richard Dormer that stated in part, "Also please be on notice that any

and all evidence be preserved and  maintained in this matter."  County Attorney Megan

O'Donnell confirmed that said letter was in former County Attorney's file. A summons

and complaint was filed on March #, 2012.  On May 24, 2012 Detective Bottari released

the batons and flashlights located at the SCPD Property section  of the Suffolk County

Police Department back to Officers Breuer and Cipriano.  According to Megan

O'Donnell, no testing was done on the batons and flashlights taken from Officers Breuer

and Cipriano.


## STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A). Subsection (A) ... states that a district court judge "may

reconsider any pretrial matter [decided by a magistrate judge under this Subsection A

does not specifically provide for objection by a party to a magistrate judge's order. The

objection procedures for orders on non-dispositive matters were subsequently included

in Federal Rule of Civil Procedure 72(a).

Plaintiff respectfully submits to the District Court her objections to the magistrate judge's Memorandum and Order and appeal to the District Court for de novo review. Incorporated herein by reference is Plaintiff's prior recitation of facts, citation of the applicable law and its legal arguments as set forth in its submission(s) including all supporting documents.

ARGUMENT

I.   Magistrate Judge failed to find spoliation of evidence where generic and fungible evidence was taken out of chain of custody and given to accused defendant officer  two months after commencement of litigation in contravention of the law.

The court correctly determined that the defendants owed Plaintiff a duty to preserve evidence relevant to her claim.  See Order, p. 18.  There is no question that the defendants all had a part in the failure to preserve the evidence.  See Order, p. 18-19.

Plaintiff respectfully contends that Defendants and its agents can and should be held responsible for this spoliation because they or the parties to whom they negligently transferred their duty to store and preserve the batons and flashlights broke the chain of custody which has rendered the items worthless.   There is no true way to overcome the obstacle of identifying and authenticating generic and fungible items.  The batons and flashlight are not unique pieces of evidence, therefore more care should have been taken to preserve their evidentiary value.

Further, Plaintiff contends that the Order affords too much weight to the after the fact, self-serving testimonies, submitted by the Defendants' opposition to the instant motion and too little weight to the documentary evidence, and logical conclusions that flow from it.

II.   Magistrate Judge erroneously imposed the extrinsic standard of proof for relevance and prejudicial impact where Defendants clear failure to preserve generic and fungible evidence, in effort to abuse the judicial process, was willful and in bad faith in contravention of the law and public policy.

### DETECTIVE BOTTARI WAS ACTING AS DEFENDANT SUFFOLK COUNTY POLICE DEPARTMENT'S AGENT AND AS A LIAISON WITH THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE WHEN HE RETURNED THE BATONS AND FLASHLIGHTS

Agency is defined as  "a relationship between two persons, by agreement or otherwise, where one (the agent) may act on behalf of the other (the principal) and bind the principal by words or actions." Black's Law Dictionary 6th Ed. (1990).  There is no dispute that Detective Bottari, as lead Detective in the Willie Jackson criminal investigation, was at all times acting as the agent of his employer Defendant, Suffolk County Police Department, with regard to the preservation of the batons and flashlights. Detective Bottari was hired by Defendant, Suffolk County Police Department to investigate criminal matters which includes, among other things, the proper collection and preservation of evidence.  As a detective, Bottari is within a learned class of

5

individuals who is  abundantly familiar with the established obligations concerning the preservation and collection of evidence and should be charged with that knowledge.

Magistrate Tomlinson's Memorandum and Order does not  focus on the individual role of those in the chain of responsibility for the batons and flashlights' safe keeping.   There seems to be a suggestion that if the destruction occurs far enough away from those with the primary obligation of safe keeping then sanctions may not be appropriate, regardless of whether the gross failure to preserve occurred intentionally or negligently.    Further, there seems to be a total disregard for the failure to preserve standard which was breached when the chain of custody was irreparably broken.  The court acknowledged that the return was a breach in Defendants' duty to preserve, but the court, in its discretion, opted not to apply the rebuttable presumption of relevance despite clear evidence and testimony that the accused Defendant Officers requested and obtained the batons and flashlights back after litigation commenced.  Under the circumstances, the accused Defendants conduct established willfulness and an intention to abuse the judicial process by taking evidence out of the chain of custody after litigation commence.  Further, looking at the circumstances as a whole, Defendants County of Suffolk, Suffolk County Police Department, and the District Attorney's Office committed gross negligence by breaching their duty to preserve evidence by failing to impose a litigation hold on all evidence in this matter and by failing to monitor key players.

Here is the chain of custody:

 Officers Cipriano and Breuer(possessed items at the scene April 2, 2014)
to
Detective Bottari (collected items at the precinct-April 2, 2014)

to
Suffolk County Lab Section (Items were held but not tested)
to
Suffolk County Property Section
To
Detective Bottari (checked out items May 28, 2012)
To
Officers Cipriano and Breuer(possess items May 28, 2012 -?  )

III.   Magistrate Judge failed to find spoliation as a matter of law, relevance as
a matter of law, and prejudice as a matter of law due to where defendants
acted with a total indifference and gross negligence to the discovery
process by not imposing a litigation hold and monitoring a key player.


## DEFENDANTS COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE HAD A DUTY TO ALERT ALL THOSE IN THE CHAIN OF CUSTODY OF THE SCOPE OF THE PRESERVATION OBLIGATIONS BEING DELEGATED TO THEM.

Detective Bottari asserts that he was never told of the pending civil litigation.

Such a claim is disputable given that he was the lead Detective in this case, a Notice of

Claim was filed, a 50h hearing held, litigation had commenced March 2012, naming his

employer, the Suffolk County Police Department, the District Attorney's Office and

officers involved but not yet named.   As the lead detective, Bottari was involved and

interacted with the defendants on a regular basis in connection with the Willie Jackson

criminal investigation from April 2, 2011 to May 24, 2012.   Whether Bottari knew or not,

it is not disputed that none of the agency defendants instituted a litigation hold in this

case to preserve material evidence.     There is no evidence of any special instruction

being given concerning the forensic evidentiary nature of the batons and flashlights.

7

Defendants' negligence at issue, therefore, is the failure to preserve evidence by not keeping key evidence in its chain of custody.  The batons and flashlights are generic and fungible.  There are no serial numbers or anything to distinguish it from any other batons and flashlights issued by defendant, Suffolk County Police Department.  There are no photographs of the items in question taken before they were returned.  No lab analysis of the batons and flashlights exist. The ability to identify and authenticate the batons and flashlights as the same batons and flashlights held in the chain of custody had been irreparably compromised.    The defendants failed to keep the items at issue safe.  The County Attorney's Office has offered to mitigate the damage by making the items at issue available for Plaintiff's inspection.    The magistrate's finding and recommendations denied Plaintiff's motion for spoliation because the batons and flashlights are available for inspection and have not been "destroyed".    Key here is what evidence is being made available, having been out of the chain of evidence for almost a year.  Can the Defendants, the court, or even the Plaintiff's verify the identity and authenticity of the items being offered?   Should the Plaintiff bear the insurmountable burden of proving the identity and authenticity of generic and fungible items taken out of the chain of custody willfully, in bad faith, and in gross negligence? The defendants have offered Plaintiff no proof that the batons and flashlights are the same batons and flashlights taken out of evidence.  Case law on failure to preserve and spoliation in general frowns on placing such a heavy burden on Plaintiff where there has been a clear breach of duty, bad faith, willfulness, and gross negligence.  The courts have responded by imposing a presumption of relevance, finding spoliator had a duty

and breached it, finding culpable state of mind, and spoliation.[1]  The Plaintiff and her

expert have been deprived of critical evidence and the opportunity to inspect and

analyze said evidence to support her claims. [2]

IV.     Magistrate Judge erroneously placed an insurmountable and impossible

burden on Plaintiff to determine the authenticity and identification of

evidence held by the accused Defendants Officers where the evidence

was taken out of the chain of custody two months after commencement of

this action.

## DEFENDANTS COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK DISTRICT ATTORNEY'S OFFICE, ITS AGENTS AND ASSIGNS AND OFFICERS BREUER AND CIPRIANO, OWED A DUTY TO PRESERVE AND BREACHED THAT DUTY TO PLAINTIFF

---

[1] Once a court has determined that a party was under an obligation to preserve the evidence

it destroyed, the party seeking sanctions for spoliation must show that spoliating party acted with

sufficient culpability. Pension Comm., 685 F.Supp.2d at 464. A showing of negligence is

sufficient. See Reilly, 181 F.3d at 267. A failure to preserve evidence resulting in the loss or

destruction of relevant information is "surely negligent, and, depending on the circumstances,

may be grossly negligent or willful." Pension Comm., 685 F.Supp.2d at 464.

[2] F.R.E. Rule 901. Authenticating or Identifying Evidence

**(a) In General.** To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

The magistrate judge found that the defendants owed a duty to Plaintiff to preserve evidence and they breached that duty.    The court even found negligence. However, the court fail to find spoliation.  The court contended that Plaintiff merely speculates that instrumentality, the batons and flashlights, were used against Willie Jackson resulting in his death.   The court points to the autopsy report which indicates that Willie Jackson fell,  Detective Bottari's investigation which concluded that Willie Jackson fell based on the accused officers statement and witnesses.  The court also noted that Detective Bottari looked at the evidence and did not see any forensic evidence.

V.     Magistrate Judge erroneously disregarded Plaintiff's witness, Laura Jackson's, statement which called the instrumentality used as a "stick" instead of baton or flashlight despite the fact that the Detective identified and entered into evidence batons and flashlights of the accused defendants officers based on cultural interpretation of stick.

Plaintiff contends that the Order gives too little weight to the documentary evidence in this case which supports Plaintiff's position and too much weight to the after-the-fact, self-serving conduct and declarations submitted with Defendants' opposition.   Most notably is Detective Bottari's characterization that batons and flashlights were not evidence in the investigation.[3]  The Court noted he did a comprehensive review of the evidence before making this determination.[4]   Plaintiff offered as evidence the Autopsy report which indicated that Detective Bottari was

---

[3] County Defs.' Opp. At 5.
[4] Memorandum and Order, at 12.

present and gave the accused Defendant officers' cause of death as a fall.  Despite

Bottari's assertion in his deposition that he gave Laura Jackson's account to the Medical

Examiner, the record does not reflect that.  Nor does the record reflect that the batons

and flashlights were given to the Medical Examiner to determine whether it was the

instrumentality used in Willie Jackson's death.  Plaintiff submits that the reason Bottari

did not include Laura Jackson's account or the batons and flashlights to the Medical

Examiner to be considered is the same reason he did not have the baton and flashlights

tested, he wanted to maintain the "Blue Wall of Silence".   None of the witnesses

interviewed say anything except one, Haywood Jennings.  Mr. Jennings claims to have

seen the incident.  Yet his testimony directly contradicts the police officers testimony.[5]

The accused Defendant Officers state they pushed Willie Jackson.  Haywood

Jennings's statement is that the officers never touched Willie Jackson.   Mr. Jennings,

as caretaker of the bar where the incident took place, motives for not being truthful may

stem from fear of police retaliation.    Further, Detective Bottari interviewed Laura

Jackson once shortly after the incident, after her husband was declared dead.  He

never followed up with another interview, when she was in a calmer, less traumatized

state. Also note that Ms. Jackson did not write the statement the Detective had her

sign. Detective Bottari wrote it.   Though he gave her an opportunity to read the

---

[5] 10 Q It is your statement that Haywood
11 Jennings was a reliable witness; isn't that
12 true?
13 A He is a reliable witness, yes.
14 Q It is also true that his statement
15 is inconsistent with the officer's statement; is
16 that true?
17 A It is different, yes.
Det. Bottari's deposition, at 73.

document, under the circumstances, she did not.   Therefore, Detective Bottari may

have omitted relevant information to protect the officers.    However, he met with the

accused Defendant Police officers at least three times plus telephone calls and other

communication.  Most telling is that Detective Bottari did not have the batons and

flashlights forensically analyzed. [6]

Had Detective Bottari conducted an impartial and fair investigation the batons and

flashlights would have been forensically tested.   The batons and flashlights in the chain

of custody went to the Suffolk County Police Lab.    The normal course of police

business would have been to have the items tested, however, Detective Bottari, in an

effort to maintain the "Blue Wall of Silence" failed to have the items at issue tested even

though it was in his custody from April 2, 2011 to May 28, 2013.[7]    The courts adoption

---

[6] 12 Q Why did you collect the baton and

13 flashlight from Breuer and Cipriano on April 2nd?

14 A Because Mrs. Jackson had alleged

15 that her husband was hit with a stick. Our

16 assumption would either be the flashlight that

17 she was talking about or baton but she could not

18 be specific so we checked both.

Det. Botttari's deposition, at 41

[7] Yet, the court still gave his testimony credibility and denied plaintiff's motion for spoliation because of his testimony.

Detective Bottari deposition, 71:20-25

20 Q I am going to ask again, a baton

21 could cause blunt impact; isn't that true?

22 A Correct.

of Bottari's view that Willie Jackson died by a fall and as such plaintiff was no prejudice by Defendants' failure to preserve evidence is in error.   The willful and bad faith failure to preserve evidence, the defendant's lack of credible witnesses, Detective Bottari's failure to disclose Laura Jackson's account to the Medical Examiner and Detective Bottari's failure to test the batons and flashlights, when considered together, could cause  a reasonable trier of fact to conclude that the batons and flashlights  caused Willie Jackson's death.[8]

VI.   <u>NEGLIGENCE ALONE SATISFIES THE</u>

   <u>"CULPABLE STATE OF MIND" REQUIREMENT</u>

Spoliation is "the destruction of significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.[9]  Spoliation does not require moral culpability.  In New York spoliation may occur intentionally or negligently.  The logic, of course, is that the negligent loss of evidence can be just as fatal as can the intentional destruction of evidence.  Similarly,

---

23 Q A flashlight could cause blunt

24 impact; isn't that true?

25 A Correct.

[8] **Rule 401. Test for Relevant Evidence**
Evidence is relevant if:
**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and
**(b)** the fact is of consequence in determining the action.

[9] <u>Byrnie v. Town of Cromwell, Bd. of Educ.,</u> 243 F.3d 93 (2d Cir. 2001)

13

spoliation sanctions do not require a showing of some sinister intent, malice, or willfulness.

Plaintiff does assert that the batons and flashlights were not preserved with a sinister intent and with malicious state of mind to circumvent justice. If key evidence is taken out of the chain of custody, then the defendant officers, the municipality, its agents and assigns escape criminal and civil liability. However, Plaintiff does not need to rest on the intent of the defendants. The Second Circuit, in Residential Funding, citing to its own 2001 decision in the Byrnie case, reaffirmed that the culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even without intent to [breach a duty to preserve it], or negligently."[10] In Re Wrt Energy, and other cases similarly hold: "the responsible party need not have acted intentionally or in bad faith, negligence alone is sufficient to justify the imposition of some sanction."[11]

The oft-stated logic bears repeating-"one of the purposes of spoliation sanctions is to prevent the innocent victim from suffering a detriment because of the loss of evidence. Therefore each party should bear the risk of its own negligence." Residential Funding[12] More specifically as relates to the specific sanction sought by the Plaintiff, the logic is simple-a dispositive sanction would provide the necessary mechanism for

---

[10] Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99 (2d Cir. 2002)

[11] In re WRT Energy Sec. Litig., 246 F.R.D. 185 (S.D.N.Y. 2007)

See also Treppel v. Biovail Corp., 249 F.R.D. 111, (S.D.N.Y. 2008) ("In this Circuit a culpable state of mind for purposes of a spoliation inference includes ordinary negligence."); and

Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, et al. 212 F.R.D. 94 (E.D.N.Y. 2002)(culpable state of mind factor can be satisfied without intent)

[12] 306 F.3d 99.

restoration of evidentiary balance.   Where defendants acted in bad faith, willfulness, and gross negligence in depriving Plaintiff, and her expert, of the ability to test the batons and flashlights for forensic value and to measure the two deep gashes in the decedents head to the actual items that were in the chain of custody dispositive sanctions are warranted, not only because of moral culpability, but because the risk that evidence would have been detrimental rather than favorable should fall on the party responsible for its loss.

The fact that the batons and flashlights were taken out of the chain of custody by Defendants, after litigation commenced and a duty to preserve attached is negligence per se.  The Defendants should bear the burden not the Plaintiff.

## VII.   THE BATONS AND FLASHLIGHTS ARE RELEVANT TO WILLIE JACKSON'S CAUSE OF DEATH

Where there is a failure to preserve evidence due to sinister intent or bad faith, that alone would be sufficient to support an inference that the missing evidence would have been favorable to the party seeking the sanctions, and therefore, relevant. Residential Funding[13]

When destruction of evidence is negligent, relevance must be proven by the party seeking sanctions.   That burden is satisfied by demonstrating that a reasonable trier-of –fact could find that the missing evidence would support the claims. [14]  The Second Circuit has explained:  relevant in this context means something more than

---

[13] 306 F. 3d at 109.
[14] Id. At 109.

Also see, Kronisch v. United States,  150 F.3d 122 (2d Cir. 1998

sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence. Rather, the party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed or unavailable evidence would have been of the nature alleged by the party affected by its destruction. Courts must take care not to hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed or unavailable evidence, because doing so would subvert the purposes of the adverse inference, and would allow parties who have destroyed evidence to profit from that destruction.[15]

As Magistrate Tomlinson's Report and Recommendation correctly observes, the batons and flashlights are relevant to Plaintiff's claims. However, Magistrate Tomlinson goes on to say that the prejudicial impact of the lost of the batons and flashlights in speculative. This conclusion however is based on Defendants self serving, after-the-fact mitigation efforts and not on Laura Jacksons statement which read as follows:

> The cops were waved down and when they came to talk to Willie he told them not to touch him. The smaller and skinner cop grabbed and pushed Willie to talk with him. Then Willie pushed the cop. They both started to push each other back and forth when Willie was pushed to the ground. They were wrestling around when the heavier cop hit Willie with a stick and Willie was bleeding from his head.[16]

Laura Jackson's witnessed that the accused officers pushed the decedent to the ground. She does not indicate bleeding from the head until the "heavier cop hit Willie

---

[15] Id. 306 F.3d at 108-09)(internal quotation marks omitted)

[16] Laura Jackson's statement, at 3.

with a stick and Willie was bleeding from his head".   Note Laura Jackson's account and the accused officers' account are similar in that respect in regard to the pushing.  Again, Haywood Jennings statement is that the officers never touched the decedent, the decedent just fell.

The autopsy report indicates that there were two gashes on the decedents head, one above the ear and one at or around the crown of the decedents' head.   Had the Defendant preserved the batons and flashlights taken from the accused officers' possession on April 2, 2011, Plaintiff's expert would have been able to adduce whether the impressions on the decedent's head and the instrumentality at issue matched. Further forensic samples could have been taken.  It is not inconceivable that the same defendant officers that asked for the batons and flashlights back two months after commencement of this lawsuit would have attempted to wipe the forensic evidence off before giving the items at issue to Detective Bottari.   Detective Bottari sole basis for determining not to test the items may sound reasonable to the court, however, it was a violation of standard procedure for analyzing evidence in a homicide as per Suffolk County Police Directives.  Further, Detective Bottari was mandated by said directives to disclose Laura Jackson's account of the incident and to turn over the batons and flashlights to the medical examiner to be used to determine cause of death.[17]    Bottari

---

[17] POLICE DEPARTMENT COUNTY OF SUFFOLK, ACCREDITED LAW ENFORCEMENT AGENCY,DEPARTMENT DIRECTIVE PDCS-2008a 1. Evidence Required by Medical Examiner - Any items of physical evidence found in the course of such an investigation, which the Medical Examiner shall require for examination or analysis to aid in determining the cause of death, are immediately turned over to him for processing and receipt for such items obtained.

2. When such items of evidence also require additional examination or analysis by the Medical Examiner, for purposes other than

failed to do so in bad faith.  In addition, forensic lab testing was warranted while the items at issue were in the chain of custody as part of Suffolk County Police Directives. Fungible and generic evidence should be kept in the chain of custody for identification and authentication.  Failure to do so would make it possible for even the best expert to identify and authenticate generic fungible evidence taken out of the chain of custody. Defendants' conduct rises to the level of gross negligence and a finding of spoliation was warranted.

Moreover, the fact that the spoliator in this case is the Suffolk County Police Department, who regularly dealt with legal challenges and had procedures set forth to implement litigation holds, cuts in favor of finding that the failure to utilize those already-established processes to preserve this evidence

constituted negligence. Indeed, as the Donato court stated under similar circumstances:[18]

> "The failure of defendant Orangetown to safeguard this evidence is even
> more egregious because the Orangetown Police Department is, or should
> be, in the business of insuring that evidence is handled properly. This is
> not a situation where an organization unaccustomed to the requirements

---

determining the cause of death, the Medical Examiner shall be so notified in order to safeguard against the possible destruction of additional
evidence of value to the polic

[18] Donato v. Fitzgibbons, 172 F.R.D. 75 (S.D.N.Y. 1997)

See also Manganiello v. City of New York, 612 F.3d 149 (2d Cir. 2010)(Court found spoliation where Defendant municipality failed to preserve evidence for civil litigation obtained during criminal investigation.)

of maintaining chain of custody and retaining important evidence has

failed to preserve and protect items relevant to litigation. Rather, the

town of Orangetown, through its Police Department, is experienced, and

has procedures in place, with regard to retaining and safeguarding

evidence. There is no excuse for their failure in this instance." 172

F.R.D. at 80 (internal citation omitted).[19]

Courts seek to deter parties from spoliating evidence, in part based on the notion

that a

party who seeks to destroy evidence is more likely to be threatened by that

evidence than a party who does not destroy it. [20]


CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court: (1) grant a de

novo review plaintiff's motion for dispositive sanctions 2)  determine that the Defendants

spoliated the batons and flashlight ; (4) determine that Plaintiff was prejudiced by the

spoliation; (3)grant a default judgment, 4) Strike all Defendants' answers; along with any

meaningful sanctions that may be imposed, (4) awarding plaintiffs their costs and

---

[19] Donato v. Fitzgibbons, 172 F.R.D. 75 (S.D.N.Y. 1997)

[20] See Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991); see also West, 167 F.3d

at 779 ("It has long been the rule that spoliators should not benefit from their

wrongdoing. . . .").

attorneys' fees related to this motion; and (5) any further relief as this Court may deem appropriate.

Dated: Patchogue, New York

      April 15, 2014

                                    Respectfully submitted,

                                    /s/

                                    Tarsha C. Smith, Esq.
                                    Law Offices of Tarsha C. Smith
                                    P.O. Box 779
                                    Patchogue, New York  11772
                                    Tel.:  (631) 447-8151

VIA ECF

TO:    Megan O'Donnell, Esq.

        Suffolk County Attorney's Office

          Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April 17, 2014, I filed the foregoing PLAINTIFF
SHANTA JACKSON, AS THE ADMINISTRATRIX OF THE ESTATE OF WILLIE
JACKSON, MOTION FOR APPEAL  OF MAGISTRATE JUDGE'S ORDER DENYING
PLAINTIFF MOTION FOR SANCTIONS BASED ON DEFENDANTS' SPOLIATION OF
EVIDENCE AND MEMORANDUM OF LAW electronically through the district court's
CM/ECF system, which caused the following parties and counsel to be served by
electronic means, as reflected on the Notice of Electronic Filing generated by the
CM/ECF system:

Megan O'Donnell, Esq.
Suffolk County Attorney's Office

Attorney for Defendants

_____
Tarsha C. Smith, ts2056