May 1, 2014

Hon. Joseph F. Bianco, U.S.D.J.
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re:   In The Matter of the Claim of the Estate of Willie Jackson
      Docket No. 12-CV-1455 (JFB)(AKT)

Dear Judge Bianco:

This office represents the defendants in the above captioned action. I respectfully submit this letter in response to the plaintiff's most recent filing challenging the Memorandum and Order of the Hon. A. Kathleen Tomlinson dated March 31, 2014. The defendants submit the decision of the Magistrate was not clearly erroneous or contrary to law, and accordingly should be sustained. The defendants also submit that plaintiff's appeal is untimely and that plaintiff's opposition papers contain conclusory objections and reiterate, to a large extent, arguments, case law and/or evidentiary material originally submitted in support of plaintiff's original motion.

The plaintiff is appealing Judge Tomlinson's Order denying a request for sanctions pursuant to FRCP 37, based upon defendants' alleged spoliation of evidence. Specifically, plaintiff requested the Court to (1) strike the pleadings of the County defendants; (2) enter a default judgment; (3) award plaintiff costs and attorney fees, and (4) provide any further relief the Court may deem appropriate. Plaintiff's motion for sanctions was fully briefed and submitted on October 1, 2013. Pursuant to 28 U.S. Code 636, Magistrate Tomlinson considered the motion, and on March 31, 2014, via ECF, issued and filed a Memorandum and Order determining defendants had not spoliated evidence, and denying sanctions.

**Plaintiff's Appeal is Untimely:** Magistrate Tomlinson issued and filed the subject written Memorandum and Order on March 31, 2014. Pursuant to Fed. Rule Civil Proc. 72(a), (as well as this Court's individual rules, III(F), updated February 2014), "[a] party may serve and file objections to the order within 14 days after being served with a copy." Plaintiff's objections and appeal were served and filed, via ECF, on April 17, 2014, a total of seventeen (17) days following service of the Order. In the instant case, Magistrate Tomlinson's Order was entered on the court docket on March 31, 2014, and plaintiff's attorney was registered for service by electronic means. Therefore plaintiff was served, via ECF, on March 31, 2014. (See, e.g., *Williams v. Clinch Co*., Ga., 231 F.R.D. 700 (M.D. Ga. 2005) (Ten-day period for filing answer to amended complaint began to run when court accepted the amended complaint and entered it on the docket, and defendant's attorney was registered for service by electronic means , because plaintiffs served defendants with amended

complaint by electronic means)).  Fed. Rule Civ. Proc. 72(a) states "A party may not assign as error a defect in the order not timely objected to."  As plaintiff's objections were not timely objected to, plaintiff's objections should not be considered by this Court.

**Magistrate Tomlinson's Order is not Clearly Erroneous or Contrary to Law:** Should this Court find that plaintiff's appeal was timely filed, Magistrate Tomlinson's Order should still be sustained. "In a case where a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error'." *Butto v. Collecto Inc.,* 290 F.R.D. 372, 379 (E.D.N.Y. 2013)(citing *Pall Corp. v. Entegris, Inc*., 249 F.R.D. 48, 51 (E.D.N.Y. 2008)).  The subject order was neither erroneous nor contrary to law, but was rather wholly correct and should be sustained.

Magistrate Tomlinson begins by applying the proper legal standard, that "spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).  Magistrate Tomlinson conducts further legal analysis by applying the three-pronged burden that the party seeking sanctions must establish, namely (1) duty to preserve; (2) culpable state of mind; and (3) the fact that the destroyed evidence was "relevant" to the party's claim or defense.  This three pronged burden is clearly accepted by this Circuit.

Before determining whether or not plaintiff established her burden, Magistrate Tomlinson read and considered legal argument and case law cited by both attorneys, as well as the pertinent documentary evidence including the deposition of the investigating detective Jeff Bottari, the sworn written statement of plaintiff's witness Laura Jackson, and the forensic findings contained in the Medical Examiner's report.  Also, it is clear from the decision that Magistrate Tomlinson also reviewed the prior proceedings and transcript pertaining to the instant issue, as well as conducted her own research into the legal issue of spoliation beyond the authority cited by both attorneys.  After a thorough and well-reasoned analysis, Magistrate Tomlinson applied the proper legal principles to the undisputed facts as presented, and determined that plaintiff did not sufficiently establish spoliation had occurred, and that sanctions were not warranted.

**Magistrate Tomlinson Properly Applied the Law to the Facts:**  In conducting its de novo determination of plaintiff's claims, this Court should rely upon Magistrate Tomlinson's comprehensive legal conclusions that were based upon the facts in the record.  "Section 636 does not require a court "to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'." *Butto, id*., at 378 (citing *United States v. Raddatz*, 447 U.S. 667, 674 (1980)).  Rather "[t]he phrase "de novo determination" in Section 636(b)(1)—as opposed to "de novo hearing"—was selected by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations'." *Butto, id*. (citing *Raddatz, id*., at 676).  "[A] court may in its sound discretion afford a degree of deference to the magistrate's Report and Recommendation." *Butto, id*., (citing *Raddatz, id*.).

The crux of plaintiff's objection in this appeal, as was the crux of plaintiff's argument in her original motion for sanctions, is that *relevant* evidence was *destroyed* by defendants.  Yet in her original motion, as here in this appeal, plaintiff is unable to establish that *any* evidence was destroyed, and if it was, that such evidence supported her claim and contradicted the defense.  In arriving at her determination, Magistrate Tomlinson applied the law to facts that are largely undisputed, most notably that (1) the County did not destroy the relevant items, namely the flashlights and baton; (2)

the County did not act in bad faith by releasing the batons and flashlights because no witnesses, including the plaintiff's witness Laura Jackson, ever articulated that a police officer hit Willie Jackson with a baton or a flashlight (even plaintiff's attorney does not dispute Ms. Jackson used the word "stick" as opposed to "flashlight" or "baton" when describing the object); and (3) plaintiff has consistently refused to avail herself of the availability of the batons and flashlights for examination and testing.

Plaintiff argued that "*potential* fragments of tissue, hair and DNA" (see, Plainitff's Memo. of Law, p.2) are now lost from the flashlights and batons forever. However, Magistrate Tomlinson properly rejected that argument as mere speculation, and unworthy of triggering sanctions. Plaintiff's argument is premised upon multiple layers of speculation – the first being that those materials definitely existed upon the flashlights and batons, the second that those forensic materials were destroyed by virtue of the return of the flashlights and batons to the officers, and the third being that any forensic materials upon the items necessarily support plaintiff's claims. Those speculative propositions are not based on fact, as the findings of the Medical Examiner support that Jackson's trauma was consistent with a fall, not blow. The Medical Examiner determined Willie Jackson suffered blunt trauma to his head from falling and died as the result. It is also worth re-iterating that Detective Bottari conducted a visual examination of the flashlights and batons, failed to observe any hairs, fibers, or blood, determined the items were not evidence of the homicide, and returned the items to their owners after the case was closed as "non-criminal." Moreover, had those biological materials been present on the batons or flashlights, plaintiff's claim is still not won. The transfer of Willie Jackson's blood, DNA or clothing fibers would do no more than corroborate a fact already undisputed, that Officers Cipriano and Breuer were in close proximity to Willie Jackson, and had contact with Jackson in the street and ambulance. The more telling evidence is whether or not Willie Jackson's fatal injuries were consistent with the flashlights or batons, and that testing may still be conducted.

As Magistrate Tomlinson highlights in her Order, "the spoliation doctrine is predicated on 'evidence actually exist[ing] and [being] destroyed." *Mem and Order*, pg. 14 (citing *Orbit One Commc'ns v. Numerex Corp.,* 271 F.R.D. 429, 441 (S.D.N.Y. 2010). Without some offer of proof that hairs, blood or fibers were, in fact, present, and have now been destroyed by the County, plaintiff's conclusion that evidence was spoliated is clearly erroneous, and her call for sanctions is contrary to law.

The County submits that the Memorandum and Order by Magistrate Tomlinson is well reasoned, within her sound discretion, and is not contrary to law. Plaintiff's objections cite no new law or facts in support of her motion, but rather contests the ultimate decision that sanctions are not warranted as no spoliation of evidence occurred. Accordingly, the County respectfully requests that the plaintiff's motion be denied in its entirety.

Respectfully submitted,

Dennis M. Brown
County attorney

_____
Megan O'Donnell
Assistant County Attorney

CC: Tarsha Smith, Esq. (via ECF)