May 16, 2014

Hon. Joseph F. Bianco, U.S.D.J.
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York  11722

Re: In the Matter of the Claim of the Estate of Willie Jackson

    Docket No. 12-CV-1455 (JFB)(AKT)

Dear Judge Bianco:

This office represents the Plaintiff in the above captioned action. I respectfully submit this letter in response to the defendants' response to plaintiff's challenge to the Memorandum and Order of the Hon. A. Kathleen Tomlinson dated May 1, 2014.

**Plaintiff's Appeal is Timely**: Magistrate Tomlinson issued the written Memorandum and Order on March 31, 2014. The decision was not filed until two days later, April 2, 2014. Plaintiff received the Memorandum and Order on April 3, 2014. (See Exhibit 1)  Plaintiff received Notice of Electric Filing on Thursday, April 3, 2014. Plaintiff had until April 17, 2014 to file an appeal and/or objection to the Magistrate's Memorandum and Order. Plaintiff's appeal is timely and must be considered by this Court.

**Magistrate Tomlinson's Order is not Clearly Erroneous or Contrary to Law**: The subject order was erroneous and contrary to law because 1) Magistrate made inferences that favored the spoliating defendants and was not supported by evidence presented; 2) Magistrate's case law dealt with unique evidence, evidence that had been corroborated by other sources and/or self-authenticating evidence which is distinguishable from the generic and fungible batons and flashlights in the instant case, 3) Magistrate failed to take into account defendants' failure to preserve evidence extends to failure to maintain the chain of custody, 4) Magistrate failed to find spoliation where Defendants' failed to

preserve key evidence after litigation commenced where chain of custody was broken 5) Magistrate erroneously declined to impose presumptions of relevance and spoliation where defendants acted in bad faith and failed to impose a litigation hold, 6) Magistrate disregarded Plaintiff's evidence which would tend to prove to a reasonable jury that the batons and flashlight was the direct and proximate cause of the death of Willie Jackson.

Magistrate relied on Defendants' lead detective characterization of the batons and flashlights as irrelevant to the Willie Jackson case. The Court disregarded Laura Jackson's statement because her statement said "stick" and not baton or flashlight. The Court ignored the lead detective's statement in his deposition that "stick" would refer to the baton or flashlight. The Court ignored the lead detective's statement that a baton or flashlight could cause the injury to Willie Jackson that resulted in his death. The Court should have come to the conclusion that evidence held in police custody taken as a result of a statement indicating police brutality is relevant evidence which should have been preserved for civil litigation. The Court should have concluded that evidence taken out of the chain of custody at the request of persons interested in the outcome of the litigation is spoliation. Further a presumption of relevance and bad faith should have been imposed. The Court has placed on Plaintiff an onerous burden of proving what evidence existed on evidence that should have remained in police possession. The Court states that Plaintiff is speculating as to the value of the batons and flashlights. Said conclusion is against the great weight of evidence after looking at the whole circumstances and Defendants' conduct leading up to the return of key evidence after litigation had commenced. Defendants failed to impose a litigation hold and monitor key players. The Defendants' agent entered into evidence the batons and flashlights, but failed to test it forensically. Had Defendants tested the evidence, Plaintiff would have been afforded an opportunity to obtain the information and evidence sought by another means. Plaintiff is clearly denied of this opportunity because no testing was ordered.

Defendants' agent, the lead detective, was present at the autopsy and gave only one conclusion as to the blunt trauma the victim suffered that resulted in his death, as evidenced by the autopsy report that states only one conclusion for the victim's fatal injury. The Court accepts the lead detective's statement that he disclosed to the medical examiner Laura Jackson's statement even though the autopsy report does not state that an alternative cause of death was considered and ruled out. The lead detective's statements should be viewed as intending to deceive the Court and the public in order for the Police Department and his friends to escape criminal and civil liability.

The Court erred in its failure to find bad faith. Defendant failed to impose a litigation hold, and it failed to monitor key players. Further, Defendants Police Department, District Attorney's Office and County Attorney's Office failure to implement a litigation hold and monitor it, made it possible for Defendant Officers to gain access to key evidence that would have implicated them in criminal and civil litigation. This is undisputed. The Court erred in accepting Defendants' lead detective's characterization of the batons and flashlights as not relevant. Said determination constitutes after the fact reasoning and/or justification for its gross negligence and bad faith. In essence, the detective aided the Defendants' in circumventing the judicial process and avoiding any liability.

In Donato v. Fitgibbons, 1997 U.S. Dist. Lexis 11026, 172 F.R.D 75 (E.D. S.NY.1997), the Court found spoliation where evidence in criminal investigation was destroyed by an officer from the police department in Orangetown which was being sued. Defendant municipality was held liable for spoliation by its agent. The Court found relevance and bad faith. The Court found that the evidence at issue-headlights were significant and irreplaceable evidence which could and should have been preserved for expert analysis prior to trial. [ Donato, 18] The Court noted that Defendant counsel made statements that he would provide the headlights as an item that was discoverable and relevant to the civil litigation. However, once counsel found out the headlights were destroyed by Defendants' agents, then counsel

argued the items were not relevant or significant. Here, the Court erred in accepting Defense Counsel's arguments that the batons and flashlights were not relevant because said arguments are contradictory to counsel's former stance. Counsel was prepared to offer the items in its custody to Plaintiff.

In the case at bar, as well as in Donato, the Detective has an incentive to lie, or at least to color his testimony, because of his relationship to the County of Suffolk, and his relationship to a particular officer, who is a fellow member of the force and a fellow academy member. Thus the court must find, as in Donato, that his testimony is not that of an unrelated, objective observer. Further, Detective had betrayed his bias by his failure to bring missing evidence to the attention of counsel.

The Court must also take into consideration the history of the defendants. Defendants have failed to initiate a litigation hold in the past which resulted in the Court finding spoliation. Toussie v. County of Suffolk 2007 WL 4565160 (E.D.N.Y. December 21, 2007 and Field Day v. County of Suffolk, 2010 U.S. Dist. Lexis 28476 (E.D.N.Y. 2010) In this case, there does not exist any alternative to the batons and flashlights taken out of the chain of custody. Defendants conduct constitutes gross negligence and bad faith. A presumption should be given that spoliation exists and that the evidence would have been unfavorable to the Defendants.

The failure of defendants to safeguard the evidence at issue is even more egregious because the Suffolk County Police Department is, or should be, in the business of insuring that evidence is handled properly. This is not a situation where an organization unaccustomed to the requirements of maintaining chain of custody and retaining important evidence has failed to preserve and protect items relevant to litigation. See Turner v. Hudson Transit Lines, Inc., 142 F.R.D. at 76. Rather, the County of Suffolk, through its

police department, is experienced, and has procedures in place, with regard to retaining and safeguarding evidence. There is no excuse for their failure in this instance.

**Magistrate Tomlinson Failed to Apply the Proper Law to the Facts:** In conducting its de novo determination of Plaintiff's claims, this Court must not rely on Magistrate Tomlinson's legal conclusion because she went beyond the facts in the record, she unfairly weighed the Defendant's position, and she relied on the lead detective's investigation that was biased in favor of his employer, the Police Department and his friend, Cipriano. Detective Bottari had a motive to lie and/or taint his investigation in favor of the Police Department and his friend, Cipriano and evidence by his conduct in this investigation. He released key evidence after litigation had commenced to defendant officers. He interview Plaintiff's witness once on the day of the incident. He interview and called and corresponded with the defendant police officers more than three times. None of the detective witnesses saw what happened, except for one, and his statement directly and significantly contradicts the officers ' statements. Detective Bottari had an opportunity to have said items forensically tested and he failed to do so. He did not inform the medical examiner that a witness says batons and flashlights were used to cause the victims' injuries and death as evidenced by the autopsy report. The Magistrate states that an independent and extensive investigation was conducted. The contrary is indicated. The Magistrate says that the medical examiner ruled out Laura Jackson's statement that the batons and flashlights were used which is not in the substantiated by the autopsy report. Further, spoliation can and has occurred where evidence, that is fungible and generic, is taken out of the chain of custody. Generic and fungible evidence requires a higher degree of care to preserve it. An experienced detective releasing fungible and generic evidence to defendants interested in the outcome of the case irreparably harm authenticity and identification. The Plaintiff should not have to bear the burden of establishing relevance and providing extrinsic evidence beyond providing a credible witness statement that a reasonable jury could find in favor of. The court's determination that the Plaintiff is speculating about the relevance of the

batons and flashlights is in contravention of the prevailing case law. Bad faith and gross negligence should been found. Presumptions in Plaintiff's favor should have been attached.

The Court and Defendants misstate the law "the spoliation doctrine is predicated on 'evidence actually existing and being destroyed." Mem. And Order, pg 14 (citing Orbit One Commc'ns v. Numerex Corp., 271 F.R.D. 429, 441 (S.D.N.Y. 2010). The batons and flashlights did exist. Plaintiff offered proof to the Court that it existed. It was in police chain of custody. <u>Orbit One Commc'ns</u> is distinguished here in that the moving party assumed that said document it was seeking existed. The parties disputed the existence of the notes the moving party sought. Here, it is undisputed that the batons and flashlights existed. It is undisputed that the batons and flashlights were apart of the defendants criminal investigation. The court should not allow the defendants to mischaracterize said evidence as not relevant to their criminal investigation after the fact. The Plaintiff was entitled to inspect and have its expert inspect and analyze said evidence. The fact that it was taken out of police chain of custody constitutes defendants failure to preserve evidence which is the essence of spoliation.

The Plaintiff, for the foregoing reasons, respectfully requests that the Plaintiff's motion be granted in its entirety.

Respectfully submitted,

Tarsha C. Smith, Esq.

Cc:     Megan O'Donnell

       Assistant County Attorney