UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Estate of Willie Jackson, by his Administratrix, Shanta Jackson,<br><br>*Plaintiff*,<br><br>– against –<br><br>County of Suffolk, *et al.*,<br><br>*Defendants*. | 2:12-CV-1455<br><br>**Not for Publication**<br><br>**Order** |

ROSS, United States District Judge:

This case was recently transferred to the undersigned. My review of the docket indicates that there are several unresolved motions pending, and some of them are ripe for disposition. In this order, I deny the defendants' outstanding motion to strike and dismiss as moot the plaintiff's motion for leave to file excess pages. I do, however, grant the defendants permission to take another deposition of the plaintiff's expert.

## BACKGROUND

Although the factual background of the case is largely irrelevant to the motions at hand, I note that the principal allegations are that defendant police officers killed the plaintiff's decedent by beating him and failing to provide medical treatment. *See* Am. Compl. ¶¶ 33–34, ECF No. 27. And I further note that the plaintiff alleges that the autopsy indicated that the decedent was intoxicated when he died. *See id.* ¶ 41. Otherwise, I assume the parties' familiarity with the complex procedural history of this case and recite below only what is relevant to the instant motions.

On October 27, 2015, discovery was reopened for the limited purpose of completing expert discovery. *See* Order 2, Mar. 15, 2016, ECF No. 97. On March 15, 2016, the Honorable

1

A. Kathleen Tomlinson, United States Magistrate Judge, "reluctantly" granted the plaintiff an extension of time to serve her expert report and expert disclosures, extending the deadline to March 23, 2016, and setting a May 31, 2016 deadline for expert depositions. *Id.* at 3. Judge Tomlinson cautioned that "the Court [would] not grant any further extensions under any circumstances." *Id.*

At the deposition of the plaintiff's expert, which the defendants assert was held on June 1, 2016 (*see* Defs.' Mot. 2, ECF No. 137), the plaintiff's expert testified:[1]

> I don't recall right now or I don't see any procedure that I inserted into my record regarding the Suffolk County procedure as to how to handle intoxicated people . . . . So if there's one, I need to look at it before I can accurately say that the pushing was excessive or not excessive. You know, if the Suffolk County Police has one of their – and I have it at home in the computer – dealing with intoxicated individuals or use of force regarding intoxicated – they are separate – because I know we have procedure for EDP, which is emotionally disturbed people. . . . So I don't know if that applies to intoxicated people or not. Like I said, right now I don't recall seeing such a rule, but I will do some more research on it and if there is, I will amend it and put it in here somewhere.

Papay Dep. 136:2–137:5, ECF No. 138-2. On October 7, 2016, the plaintiff served on the defendants a document titled "Addendum to Expert Report" that was dated September 27, 2016, and prepared by the plaintiff's expert. Addendum, ECF No. 137-5; *see* Addendum Cover Letter, ECF No. 138-1. The addendum discusses the propriety of the alleged conduct by defendant police officers in light of the decedent's intoxicated state. *See* Addendum 2–8.

On January 9, 2017, the defendants filed a motion for partial summary judgment. *See* Notice of Mot., ECF No. 111. Although the plaintiff initially filed, on May 20, 2017, an opposition to the motion (*see* Pl.'s Opp'n, ECF No. 122-1), on May 30, 2017, the plaintiff requested the opportunity to "perfect and or amend her opposition" and to move for

---

[1] The record does not reveal the question to which the expert was responding. The expert himself has restated the questions that he claims he was responding to (*see* Addendum 1–2, ECF No. 137-5), but the record suggests that at least one of those questions came *after* what he states was his response (*see id.* at 2; Papay Dep. 137:2–5, 23–25, ECF No. 138-2).

2

reconsideration of an earlier order entered by the Honorable Joseph F. Bianco, United States District Judge (Fax 2, ECF No. 124). Judge Bianco consented, and the plaintiff was granted multiple extensions of time in which to file the proposed papers. *See, e.g.*, Order, Sept. 26, 2017. On January 8, 2018, Judge Bianco again extended the plaintiff's deadline, and he terminated the defendants' summary-judgment motion without prejudice to refiling once the motion was fully briefed. *See* Order, Jan. 8, 2018, ECF No. 131. The plaintiff would ultimately be granted extensions through December 17, 2018. *See* Scheduling Order, Oct. 5, 2018.

On December 27, 2018, the defendants filed a motion to strike, arguing that the plaintiff's summary-judgment opposition and her motion for reconsideration—which had finally been served—were overlong and that the addendum to the plaintiff's expert report was untimely. *See* Defs.' Mot. 2. The plaintiff responded the same day by submitting a motion for leave to file excess pages. *See* Pl.'s Mot., ECF No. 138.

On March 8, 2019, this case was reassigned to me and to the Honorable Cheryl L. Pollak, United States Magistrate Judge.

**DISCUSSION**

**A.** **The Addendum to the Expert Report**

Rule 26(e) of the Federal Rules of Civil Procedure provides that an expert has a "duty to supplement . . . information given during the expert's deposition" if it is discovered that the information given is "in some material respect . . . incomplete or incorrect." Fed. R. Civ. P. 26(e). This "duty to supplement arises when the expert subsequently learns of information that was previously unknown or unavailable, and the new information renders the earlier [testimony] incomplete or inaccurate." *Lewis v. FMC Corp.*, 786 F. Supp. 2d 690, 705 (W.D.N.Y. 2011) (citing Fed. R. Civ. P. 26(e)). "The rule does not, however, permit a party to supplement an expert report at any time it wishes," as doing so "would [wreak] havoc [on]

docket control and amount to unlimited expert opinion preparation." *Coene v. 3M Co.*, 303 F.R.D. 32, 42 (W.D.N.Y. 2014) (alterations in original) (quoting *Lewis*, 786 F. Supp. 2d at 705).

Here, the plaintiff has not presented me with a sufficient basis to conclude that the addendum to her expert's report can be fairly considered a supplement under Rule 26(e). The plaintiff does not argue, and the expert's addendum does not assert, that the information relied upon by the expert was previously unavailable to him. *Cf. Coene*, 303 F.R.D. at 43 (finding violation of Rule 26 where expert's second report "neither state[d] nor suggest[ed] that it was prompted by previously unknown information" but instead "was 'in follow-up to [expert's] report and earlier deposition . . . [i]n light of questioning by defense counsel'" (quoting record)). Rather, the addendum simply states that it "reflects additional information based on further research that [the expert] conducted after [his] deposition." Addendum 2. Because the addendum was not a supplemental disclosure under Rule 26(e), it was untimely.[2]

The plaintiff argues that the defendants received "notice that Mr. Papay was going to look into the Police policy and procedure as to handling intoxicated persons at the deposition" (Pl.'s Mot. 2–3), citing the expert's statement at his deposition that he would "do some more research" and, if he found anything, would "amend it and put it in here somewhere" (Papay Dep. 137:2–5). But from the limited excerpt of the deposition provided to the court, it is not clear that defendants' counsel acquiesced to the expert's unilateral statement that he would "amend it" (*id.*), nor is it clear that the expert was expressing an intention to supplement his report as opposed to merely amending his deposition testimony. And in any event, *notice* is not a license to violate court-imposed deadlines.

---

[2] The plaintiff's assertion that "it would have been likely that Magistrate Tomlinson would have granted the extension" (Pl.'s Mot. 3) is substantially undermined by Judge Tomlinson's having informed the parties that she would "not grant any further extensions [for filing expert disclosures] under any circumstances" (Order 3, Mar. 15, 2016).

4

The plaintiff also argues that the defendants have waived their right to object to the addendum because they did not move to strike it until December 27, 2018—811 days after October 7, 2016, the date the addendum was served on defendants' counsel. *See* Pl.'s Mot. 2. But this delay was occasioned by the *plaintiff's* repeated requests for extensions of time to file her opposition papers. It was entirely reasonable for the defendants to wait for the plaintiff to seek to rely on the addendum, which had never been filed with the court, before moving to strike it.

That said, precluding the plaintiff from relying on the addendum, as the defendants request, would be an "extreme sanction." *Coene*, 303 F.R.D. at 42 (quoting *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988)). "[T]he Second Circuit has counseled district courts to consider lesser sanctions prior to precluding evidence as a sanction for discovery violations." *Id.* Considering that no trial date has been set and that the parties are scheduled for a settlement conference before Judge Pollak on May 29, 2019 (*see* Min. Entry, Apr. 12, 2019), I find that the plaintiff's discovery violation does not warrant preclusion. Instead, I allow a reopening of discovery for the limited purpose of allowing the defendants to take a second deposition of the plaintiff's expert, *with regard to the addendum only*, and at the plaintiff's expense. *See, e.g., Coene*, 303 F.R.D. at 45–46. The defendants are directed to take this deposition, if they wish to do so, before the May 29 settlement conference.

**B.    The Plaintiff's Briefs**

The defendants also seek to strike the plaintiff's summary-judgment-opposition brief, and her brief in support of her motion for reconsideration, as overlong. *See* Defs.' Mot 1–2. The plaintiff has responded by seeking permission to file excess pages. *See* Pl.'s Mot. 1–2. The defendants' motion was premised on Judge Bianco's page limits, however, which are no longer

in force, since this case has been transferred to me. The defendants' motion is therefore denied, and the plaintiff's motion is dismissed as moot.[3]

## CONCLUSION

For the foregoing reasons, the defendants' motion to strike is denied, and the plaintiff's motion requesting leave to file excess pages is dismissed as moot. The plaintiff, however, is directed to make her expert available for another deposition upon the defendants' request, with the scope of any such deposition limited to the addendum to the expert report, and with the costs of the deposition borne by the plaintiff.

So ordered.

____/s/_____
Allyne R. Ross
United States District Judge

Dated:	April 17, 2019
	Brooklyn, New York

---

[3] The defendants' motion also requested an extension of time to file their summary-judgment reply and their opposition to the plaintiff's motion for reconsideration. *See* Defs.' Mot. 1. The reply has since been filed (*see* Reply Br., ECF No. 143), and I have received no indication from the plaintiff that the defendants failed to serve their opposition brief, which was due on April 8, 2019 (*see* Min. Entry, Jan. 8, 2019, ECF No. 139). The extension requests are therefore moot. If the defendants have not yet served their opposition to the plaintiff's motion for reconsideration, and require more time to do so, they should renew their request.